[606 NYS2d 324]

In the Matter of WILLIAM M. KIRSCHNER (Admitted as WILLIAM MARTIN KIRSCHNER), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, January 10, 1994

**APPEARANCES OF COUNSEL**

*Gary L. Casella,* White Plains *(Gary D. Egerman* of counsel), for petitioner.

*Richard E. Grayson,* White Plains, for respondent.

**OPINION OF THE COURT**

Per Curiam.

In this proceeding, the Special Referee sustained the one charge of professional misconduct asserted against the respondent in the petition, to the extent that it charged violations of the Code of Professional Responsibility DR 1-102 (A) (4) and (7) (22 NYCRR 1200.3 [a] [4], [7]), and DR 9-102 (C) (22 NYCRR 1200.46 [c]). The petitioner moved to confirm the report of the Special Referee. The respondent cross-moved to confirm to the extent that the Special Referee found no violation of DR 9-102 (B) (22 NYCRR 1200.46 [b]), and to disaffirm in all other respects. The respondent seeks a dismissal of the charge, or, in the alternative, a limitation of his sanction to a public censure.

Charge One alleged that the respondent is guilty of engaging in conduct involving dishonesty, fraud, deceit or misrepresentation and conduct which adversely reflects on his fitness to practice law by breaching his fiduciary duty and engaging in self-dealing. The respondent was named executor of the estate of Benjamin C. Kirschner, his father, who died on December 24, 1979. The respondent also drafted the decedent's will, pursuant to which he received 50% of the residuary estate, or approximately $100,000. The remaining 50%, or approximately $100,000, was to be placed in a trust, with the respondent as trustee, for the benefit of the respondent's sister, Donna Watson, and her three children. The respondent was to act in the "best interests" of the trust.

Between 1980 and 1982, the respondent disbursed approximately $15,000 of the trust corpus to his sister for expenses for the children. In or about 1982 the respondent and two other individuals cofounded Nationwide Legal Services, Inc. (hereinafter Nationwide). This business became a publicly owned company in or about 1984 and later failed. In forming Nationwide, the respondent used the approximately $85,000 trust corpus, along with some moneys of his own, to fund his share of this speculative venture. The respondent thereby breached his fiduciary responsibility as trustee and engaged in self-dealing. By virtue of the aforesaid conduct, the respondent violated DR 1-102 (A) (4) and (7) (22 NYCRR 1200.3 [a] [4], [7]), and DR 9-102 (C) (22 NYCRR 1200.46 [c]).

After reviewing all of the evidence adduced, we conclude that the Special Referee properly found that by investing in the funds held by him as a trustee in a company in which he

had a substantial monetary interest, the respondent engaged in self-dealing in violation of DR 1-102 (A) (4) and (7) (22 NYCRR 1200.3 [a] [4], [7]). The Special Referee further found that, together with his failure to advise his sister of his investment, the respondent engaged in conduct involving dishonesty, fraud, deceit or misrepresentation. The Special Referee also properly concluded that the respondent had also violated DR 9-102 (C) (22 NYCRR 1200.46 [c]), with respect to an attorney's duty to notify a client regarding the receipt of securities, and his record-keeping with respect to those securities. Accordingly, the petitioner's motion to confirm the report of the Special Referee is granted, and the respondent's cross motion is granted to the extent that the Special Referee's finding that there was no violation of DR 9-102 (B) (22 NYCRR 1200.46 [b]) is confirmed.

In determining an appropriate measure of discipline to impose, we have taken into consideration the fact that no loss was sustained by anyone. Significantly, the respondent made full restitution to his sister and her family. Under the circumstances, the respondent is censured for his professional misconduct.

MANGANO, P. J., THOMPSON, BRACKEN, SULLIVAN and JOY, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted, and the respondent's cross motion is granted to the extent that the Special Referee's finding that there was no violation of Code of Professional Responsibility DR 9-102 (B) (22 NYCRR 1200.46 [b]) is confirmed; and it is further,

Ordered that the respondent William M. Kirschner, is hereby censured for his misconduct.